CIVIL CASE NO: 24-5918/5919/25-5424

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

GLENN WHITING,
Plaintiff/Appellant,
v.
CITY OF ATHENS, et al.
Defendants/Appellees.

**ATTORNEY IRION'S PETITION FOR PANEL REHEARING AND FOR REHEARING
EN BANC REGARDING THE PANEL'S SANCTIONS ORDER**

Van R. Irion
Law Office of Van R. Irion
800 S. Gay St., Ste.700
Knoxville, TN 37929
(865) 766-4040
van@irionlaw.com
Counsel for Appellant

1

# TABLE OF CONTENTS

Cover Page                                                                1

Table of Contents                                                         2

Table of Authorities                                                      3

Petition                                                                  5

Reasons to Grant the Instant Petition                                     6

Contemporaneous Motion to Strike Panel's "Appendix"                       6

Background                                                                7

Failure to Address Unauthorized Initial OSC                               9

Failure to Follow Local Rule 46                                          10

Bifurcation                                                              11

Work Product Privilege                                                   13

Renewed Demand for In-Person Hearing to Establish                       14
Authenticity of this Court

Conclusion                                                              15

     Post Argument Parts
Certificate of Compliance                                               16

Filing and Mailing Certificate                                          17

# **TABLE OF AUTHORITIES**

Cases Page

*Adcock-Ladd v. Secretary of the Treasury*, 10, 11
227 F.3d 343 (6th Cir.2000)

*Bowman v. Bordenkircher*, 8
522 F.2d 209 (4th Cir. 1975)

*First Bank v. Hartford Underwriters Ins. Co.*, 13, 14
307 F.3d 501 (6th Cir. 2002)

*Hickman v. Taylor*, 12, 13
329 U.S. 495 (1947)

*In re Island Indus.*, 14
2023 Bankr.LEXIS 2076 (6th Cir. Bankr. 2023)

*In re Ruffalo*, 4, 7
390 U.S. 551 (1968)

*Jones v. Continental Corp.*, 11
789 F.2d 1225 (6th Cir. 1986)

*LaBuy v. Howes,* 6, 8
352 U.S. 249 (1957)

*Ray A Scharer & Co. v. Plabell Rubber Prods.*, 12
858 F.2d 317 (6th Cir. 1988)

*Rizvi v. St. Elizabeth Hosp. Med. Ctr.*, 14
2009 U.S. Dist.LEXIS 141233 (N.Dist. OH 2009)

*Roadway Express v. Piper*, 12
447 U.S. 752 (1980)

*Toledo Edison Co. v. GA Technologies, Inc.*, 13
847 F.2d 335 (6th Cir. 1988)

*TPO, Inc. v. McMillen*, 8
460 F.2d 348 (7th Cir. 1972)

*United States v. Johnston,* 8
258 F.3d 361 (5th Cir.2001)

*United States v. Taylor*,
92 F.3d 1313 (2nd Cir.1996)                                8

<u>Rules</u>
Fed. R. App. Proc. 38                                          8, 9

6th Cir. Local R. 45                                      6, 8

6th Cir. Local R. 46                                      8, 9

**Petition**

Pursuant to Federal Rule of Appellate Procedure 40 and this Court's Local Rules, attorney Irion, hereby files this Petition for Panel Rehearing and for Rehearing En Banc regarding this Court's March 13, 2026, Sanctions Order (Entered in case 24-5918 at Doc.50-2, hereinafter "Sanctions Order").

Grounds for this Petition are that the panel's Sanctions Order includes an "appendix," which, for the very first time, asserts factual allegations which the panel uses to support its Sanctions Order, thereby giving petitioner zero notice and zero opportunity to respond in any way to said new factual allegations; that the panel's initial Order to Show Cause failed to identify **any** judge of this Court authorizing entry of said OSC; that the Clerk's Office affirmatively refused to identify **any** judge of this Court authorizing entry of said OSC; that until the Sanctions Order was entered, petitioner had no indication of any kind from any constitutional authority as to whether this Court had **ACTUALLY** authorized the OSC; that the panel's Sanctions Order misrepresents petitioner's legal assertions regarding unauthorized Clerk-orders; that the panel denied petitioner's right to file a substantive response to a Valid OSC in retaliation for questioning the validity of the initial OSC; that the panel's initial OSC listed only two minor citation issues from a single brief filed by petitioner attorney Irion, both of which accurately reflected the law of said citations, compared to approximately sixteen or seventeen alleged misrepresentations of law by attorney Egli, yet both attorney's are sanctioned as if all grounds are equivalent; that the panel's order explicitly sanctions petitioner for actions NOT MENTIONED at all in its initial OSC in violation of *In Re Ruffalo*, 390 U.S. 544, 551 (1968); and that the petitioner requested an in-person hearing, yet the panel failed to address said request.

For all the reasons set forth herein, attorney Irion requests that this Court **GRANT** the instant Petition, and enter an order **VACATING** its sanctions order and **DISMISSING** its OSC.

## I. Reasons to Grant the Instant Petition
### 1. Contemporaneous Motion to Strike Panel's "Appendix"

The panel's Sanctions Order improperly includes an "appendix" that was first filed simultaneously with the Court's Sanctions Order and raises, for the very first time, factual allegations against both attorney Irion and attorney Egli which were never raised, noticed, responded to, or mentioned in any way prior to this Court's entry of its Sanctions Order. (Doc.50-2, Appendix, at p.18-24 (by itself longer than the entire initial OSC)). It should go without saying that such an attempt to back-fill a poorly drafted OSC by asserting **<u>new</u>** factual allegations for the first time at the moment of judgement is beyond any doubt a clear violation of basic due process notice requirements.

It is also noted, and relevant to this petition, that attorney Irion is being sanctioned for alleged actions taken in appeal number 24-5919, based solely upon the panel's allegations FIRST RAISED in their "appendix", where the initial OSC never asserted any misconduct regarding appeal number 24-5919.

The panel's actions are analogous to convicting a defendant of bank robbery and then sentencing him to bank robbery AND murder, based upon new factual allegations of murder first raised at the sentencing hearing.

A separate motion to strike has been filed by Irion contemporaneously with this petition. That motion further supports his grounds to strike the panel's unlawful "appendix." This section of Irion's petition for rehearing is intended only to provide the panel and Court with notice that said motion to strike the "appendix" is filed contemporaneously with this petition, and also to allow review of this petition with the PROPER factual allegations in mind. Specifically, ONLY the initial OSC's allegations should be considered, rather than the allegations which first appeared simultaneously with the panel's Sanction Order.

### 2. Background

On September 18, 2025, the Clerk issued the initial OSC in this matter. That purported OSC failed to identify any judge of this or any other court as authorizing entry of said "order." (No judges' name appears anywhere on said OSC order.) When attorneys Irion and Egli contacted the Clerk's office to inquire what authority granted the Clerk the power to issue an OSC, the Clerk's staff affirmatively <u>refused</u> to identify any such authority, and more specifically <u>refused</u> to identify any judge who authorized issuance of the specific OSC at issue here. Their exact words were, "We are not allowed to tell you that" (what judge authorized entry of the OSC). This was followed by a mocking, "If you don't like it, file a motion."

This mocking exchange was the culmination of several months where attorneys Irion and Egli had challenged the entry of **<u>substantive</u>** orders, signed and entered only by the Clerk, and failing to identify ANY judge as authorizing or authoring said substantive orders. Motions for judicial review, filed pursuant to this Court's Local Rule 45(c), were also denied BY THE CLERK, with no judge of any court being identified as reviewing said motions for judicial review, or authorizing judicial denial of said motions for judicial review. This is a direct violation of this Court's Local Rule 45, but more importantly it is an unconstitutional delegation of authority, as the Supreme Court discussed in *LaBuy v. Howes. See* 352 U.S. 249 (1957).

On August 28, 2025, the panel *sua sponte* consolidated three appeals (cases 24-5918, 24-5919, and 25-5424). The instant OSC, entered just three weeks later, identifies approximately 17 alleged misrepresentations of law, all found in a single brief filed by attorney Egli in case number 25-5424. *See* OSC. The allegations against Egli took two and a half pages of OSC to describe the alleged misrepresentations. *Id*. Yet petitioner attorney Irion had NOT made an appearance as attorney in case 25-5424. All of the allegations against petitioner Irion contained in the entire OSC appear in only one paragraph of the OSC, five-sentences long. Those five

sentences assert, at worst, insertion of quotation marks for a quote that is actually an accurate summary of the cited case but not an exact quote; a failure to include four (4) spot cites for otherwise accurate citations to an opposing brief; and quotes that according to the OSC allegedly "appears to quote language from court cases but includes no case citation." OSC at p.4. In other words, the initial OSC fails to even *accuse* petitioner Irion of substantively misrepresenting the law. *See* Doc.40, OSC, case 24-5918, at p.4.

Despite this shocking difference in factual allegations contained in the OSC between Irion and Egli, the panel's Sanctions Order treats both equally in every way. In its order sanctioning both attorneys, the panel does, after the fact, include NEW allegations against both attorneys in its "Appendix." However, none of those new allegations against petitioner Irion, save the allegations described in the preceding paragraph here, were included in the original OSC, nor was petitioner Irion ever given any prior notice whatsoever that new additional factual allegations were to be included in the order sanctioning him. Including the Appendix is an actual violation of FRAP 38, which requires "notice from the court and reasonable opportunity to respond." This ALONE requires this Court to **GRANT** the instant petition.

Additionally, because the panel chose to wait until after Irion and Egli responded to the OSC, their inclusion of NEW factual allegations appended to their sanctions order not only violates basic notice requirements of due process, it is a direct violation of the Supreme Court's ruling in *In re Ruffalo*. *See* 390 U.S. 544, 551 (1968)(discussed further below).

### 3. Failure to Address Unauthorized Initial OSC

Rather than discuss the legitimate and perfectly understandable concerns regarding authenticity of the initial Clerk-issued OSC, the panel's sanctions order side-stepped the fact that **<u>the OSC utterly failed to identify an authorizing judge</u>**, and instead simply asserts that the

Clerk is authorized to sign and enter orders for the Court. Even taken as true, the panel's bare assertion, after the fact, of the Clerk's authority does nothing to identify the authorizing judge at the time of entry of the initial OSC. In other words, even if the Clerk of this Court can enter substantive orders, an assertion contradicted by this Court's Local Rule 45, Supreme Court precedent, and rulings from at least four other circuits, those orders <u>must still identify an Article III judge who authorized entry of said substantive order</u>. *See LaBuy v. Howes,* 352 U.S. 249 (1957); 6th Cir. L. R. 45; *United States v. Johnston*, 258 F.3d 361, 372 (5th Cir.2001); *TPO, Inc. v. McMillen*, 460 F.2d 348, 359-60 (7th Cir. 1972); *see also United States v. Taylor*, 92 F.3d 1313, 1326-7 (2nd Cir. 1996); *Bowman v. Bordenkircher*, 522 F.2d 209 , 210 (4th Cir. 1975). Otherwise no order drafted by a judge can be distinguished from an order drafted by the Clerk pursuant to Local Rule 45(a).

Where the Supreme Court has clearly stated that delegating judicial duties to Masters and Magistrates is an unconstitutional delegation of authority, (*See id*.) the concerns raised to the Clerk by petitioner cannot be said to be so trivial as to be completely ignored, and swept under the proverbial rug with an assertion that the Clerk is authorized to enter substantive orders, without identifying an authorizing judge, followed by zero citation to any authority.

The panel's assertion in its completed and entered Sanctions Order, informing petitioner in a footnote and after the fact that the panel authorized the initial OSC, does nothing to correct the lack of identification of any authorizing judge **in** the initial OSC, or during the pendency of the proceedings leading to the panel's Sanctions Order. Nor does it place petitioner attorney Irion or attorney Egli back in time where they could substantively address the specific issues raised in said order, knowing that the OSC was legitimate. This point was clearly made in petitioner's response to the OSC: "the order fails to identify any judge or assert that a specific judge

authorized or ordered entry of the Order to Show Cause." Irion Resp. at p.1 (second ¶ of the Response). Yet the panel's order sanctioning Irion, which *finally,* post-hoc and for the first time, asserts authority of a judge, never addresses the fact that the OSC's failure to identify any judge leaves the OSC void on its face as a **<u>substantive</u>** order entered by the Clerk and no one else.

### 4. Failure to Follow Local Rule 46

The panel's sanctions order claims that because the panel is not NOW imposing any disciplinary punishment that would have been authorized under Local Rule 46, the attorney's facing the Clerk's OSC should have known that Rule 46 had not been invoked.

What the panel fails to address or admit is that the OSC's citation to authority, notifying attorney's Irion and Egli of the Court's intent to "<u>discipline</u>" them continues by asserting "…any other source of <u>disciplinary</u> or sanctioning power." Doc.40, OSC, at p.4 (emphasis added). First, Local Rule 46 is certainly within the infinite assertion of authority claimed in the statement, "and any other source of disciplinary or sanctioning power." The panel now expects that attorneys Irion and Egli were supposed to somehow divine the that the panel's intent was NOT to "discipline" the attorney's when the order issued said explicitly that it intended to "discipline" them with "any other source of disciplinary…power." Words have meaning. Court's notifying attorneys that they intend to discipline them with any other source of disciplinary power cannot be held to be unreasonable for assuming that the Court actually meant what it said.

Next, Federal Rule of Appellate Procedure 38 does not include the words "discipline," "sanctions," or "show cause." Yet the OSC used all of these words. Doc.40 at p.4 and 5. Further, this Court's Local Rules regarding FRAP 38 state: "COMMITTEE NOTE: No corresponding 6 cir. R. For rules regarding attorney discipline generally, see FRAP 46 and 6 Cir. R.46." Looking to 6 Cir. R.46, as instructed by this Court's Rules committee, one finds the words "discipline,"

and "order to show cause," the very words used in this Court's OSC. Unlike FRAP 38, FRAP 46 discusses "discipline." Again, this Court's very poorly drafted OSC asserts that "Van Irion and Russell Egli are **ORDERED TO SHOW CAUSE** why they should not be sanctioned and/or disciplined for the conduct described in this order." Doc.40 at p.5 (emphasis in **ORIGINAL**). It is not difficult to understand why attorney's Irion and Egli, when confronted with the OSC might have thought that this Courts' **ORDER TO SHOW CAUSE** why they should not be "disciplined" led them to believe that the Court intended to assert Rule 46, regarding attorney **<u>discipline</u>**.

The fact that the Clerk-issued order that failed to identify any authorizing judge also failed to follow several of the requirements of Rule 46, simply reinforced Irion and Egli's perception that the Clerk, not a judge, had authored the OSC.

At the end of the day, this Court's OSC explicitly stated that attorney "discipline" was in the offing. The panel now, after the fact, simply declining to impose discipline, does nothing to make the OSC any more legitimate, or any less misleading. It was and is confusing and poorly drafted to the point of utterly failing to serve as any kind of adequate notice to the attorneys who are being verbally scurged by the panel *for failing to properly cite authority*.

### 5. Bifurcation

Taken by himself, the OSC accused petitioner attorney Irion of:

> "On pages 1 and 4 of Whiting's reply in No. 24-5918, Whiting says, "[T]he mere fact that a plaintiff did not prevail does not mean that the claim was frivolous.' *Adcock-Ladd v. Secretary of the Treasury*, 227 F.3d 343, 350 (6th Cir. 2000)." That quote does not appear in *Adcock-Ladd*. Furthermore, throughout the reply, Whiting includes quoted language without citing a source. For example, on pages 1, 4, 6, and 7, Whiting apparently cites to Appellees' brief but does not provide a record cite. And on pages 6 and 8, Whiting appears to quote language from court cases but includes no case citation."

That is it. That is all. This quote is the ENTIRE allegation of wrongdoing applicable to petitioner attorney Irion, according to the panel's OSC. *See* Doc.40 at p.4. So, no assertions of actual misrepresentation. Zero allegations that any citation was substantively contrary to the asserted law. Regarding *Adcock-Ladd*, Irion erroneously combined two sentences from that authority into one quoted sentence that was actually an accurate summary, but not one quoted sentence. It was separated by a period within the same paragraph of *Adcock-Ladd.* The assertion of law was and is accurate, and the OSC never alleged otherwise.

Also note that the initial OSC made exactly ZERO allegations regarding appeal 24-5919. Yet the panel is now sanctioning attorney Irion by citing its unlawful "appendix," containing allegations that attorney Irion had never seen before the entry of the panel's Sanctions Order.

For making non-deceptive, otherwise correct, citation errors petitioner Irion has been ordered to submit directly to the Court $15,000; pay "whatever amount the appellee's counsel charged the appellee" whether reasonable or not; and pay double "costs." The panel also factually found that, "Irion and Egli breached the trust that we must have in the lawyers appearing before us. They have brought the profession into disrepute." (Doc.50-2, Sanctions Or., Case 24-5918 at p.13). The panel, based upon zero allegations of intentional misrepresentation concluded that Irion has "forced us and the City to unnecessarily expend time and resources on a case that should have been litigated and resolved straightforwardly but was not. More importantly, by breaching our trust, we can no longer rely on the representations in Irion's and Egli's briefs,…sullied the reputation of our bar, which now must litigate under the cloud of their conduct." *Id*. Again, the initial OSC did not even ACCUSE Irion of misrepresenting the law.

"An award of attorney's fees . . . is an extreme sanction, and must be limited to truly egregious cases of misconduct." *Jones v. Continental Corp.*, 789 F.2d 1225, 1232 (6th Cir.

1986). "The Supreme Court has indicated in *Roadway Express* that the trial court must find 'bad faith' or conduct 'tantamount to bad faith, a finding that would have to precede any sanction under the court's inherent powers.'" *Ray A. Scharer & Co. v. Plabell Rubber Prods.* , 858 F.2d 317 (6th Cir. 1988) *quoting Roadway Express v. Piper*, 447 U.S. 752, 767 (1980).

Yet in the instant case the panel asserts zero timely allegations of actual misrepresentation by Irion, and zero allegations of intent to deceive by Irion in any way. If this is now this Court's conception of equity, Irion is happy to be verbally separated from this Court. The panel should be ashamed of its open and explicit retaliation against attorneys for attempting to petition the courts for his clients. But it is apparently to corrupt to be ashamed.

### 6. Work Product Privilege

The panel blithely dismisses attorney Irion's assertion of work product privilege by conclusively stating, with no further explanation or citation to authority, "the order to show cause sought no such thing." (Doc.50-2, Sanctions Or., Case 24-5918 at p.11).

The Supreme Court explained the purpose of the work product privilege:

> "In performing his various duties, however, it is essential that a lawyer work with a certain degree of privacy, free from unnecessary intrusion by opposing parties and their counsel. Proper preparation of a client's case demands that he assemble information, sift what he considers to be the relevant from the irrelevant facts, prepare his legal theories and plan his strategy without undue and needless interference. That is the historical and the necessary way in which lawyers act within the framework of our system of jurisprudence to promote justice and to protect their clients' interests. This work is reflected, of course, in interviews, statements, memoranda, correspondence, briefs, mental impressions, personal beliefs, and countless other tangible and intangible ways — aptly though roughly termed by the Circuit Court of Appeals in this case as the 'work product of the lawyer.' Were such materials open to opposing counsel on mere demand, much of what is now put down in writing would remain unwritten. An attorney's thoughts, heretofore inviolate, would not be his own. Inefficiency, unfairness and sharp practices would inevitably develop in the giving of legal advice and in the preparation of cases for trial. The effect on the legal profession would be demoralizing. And the interests of the clients and the cause of justice would be poorly served." *Hickman v. Taylor*, 329 U.S. 495, 510 (1947).

The OSC at issue demanded, without condition, that "Irion and Egli must explain (1) who wrote the briefing in each case, (2) whether any of the briefs were ghost written in whole or in part, (3) whether generative AI was used in the drafting of these briefs, and (4) the processes that were used to cite-check each brief." (Doc.40, OSC, case 24-5918 at p.5).

It may be that the panel believes that since the OSC is not naming specific "materials" that the work product privilege is not at issue. However, as the Supreme Court explained, the work product privilege may be "reflected, of course, in interviews, statements, memoranda, correspondence, briefs, mental impressions, personal beliefs, and countless other tangible and intangible ways," the core PURPOSE of the privilege is to ensure that an attorney may "work with a certain degree of privacy, free from unnecessary intrusion". *Hickman*, 329 U.S. at 510. The demands of the OSC strike the CORE of the work product privilege by asking about the production of litigation materials and specifically the interactions, discussions, and practices between attorneys and between attorneys and their staff.

The responding attorney's assertion of privilege deserved more than an off-hand dismissal with no discussion or citation to authority.

Typically an assertion that materials were prepared in anticipation of litigation is enough to shift the burden on the demanding party (here the panel) to overcome the privilege. *Toledo Edison Co. v. GA Technologies, Inc.*, 847 F.2d 335, 339-340 (6th Cir. 1988). Yet the panel simply conclusively asserts that their demanded information about the practices used by attorneys in the preparation of litigation materials "sought no such thing."

**7. Renewed Demand for In-Person Hearing to Establish Authenticity of this Court**

Both FRAP 38 and the Court's "inherent authority" requires notice <u>and an opportunity to be heard</u> prior to the issuance of sanctions. *First Bank v. Hartford Underwriters Ins. Co.,* 307

F.3d 501 (6th Cir. 2002); *see also In re Island Indus.*, 2023 Bankr.LEXIS 2076, \*17 (6th Cir. Bankruptcy Appellate Panel Aug. 23, 2023); *Rizvi v. St. Elizabeth Hosp. Med. Ctr.*, 2009 U.S. Dist.LEXIS 141233 (N. Dist. OH 2009).

Petitioner Irion's response to the initial OSC, in addition to presenting legitimate reasons for doubting the authenticity of said OSC, included a demand for in-person hearing before this Court. (Doc.43, Resp. to OSC, case 24-5918, p.5). That demand was, in large part, to alleviate the still-pending rational doubts petitioner has as to the authenticity of said OSC. *See id*. Yet the order sanctioning petitioner failed to address this very reasonable, rational, and understandable request, in any way. *See* Doc.50-2, Sanctions Or., Case 24-5918. This FURTHER brings the legitimacy of these proceedings into doubt. The remedy is simple: Grant petitioner's very reasonable motion for in-person hearing.

**Conclusion**

For all the reasons set forth herein, the Respondent attorneys request that this Court **GRANT** the instant Petition and enter an order **DISMISSING** the initial OSC against petitioner.

Submitted this 27th day of March, 2026.

> s/Van R. Irion
> Van R. Irion (BPR#024519)
> Law Office of Van R. Irion, PLLC
> 1818 Kim Watt Dr.
> Knoxville, TN 37929
> Petitioner
> van@irionlaw.com
> www.judicialreformfoundation.com
> (865) 809-1505

## Certificate of Compliance

Pursuant to FRAP 40 and 32 the undersigned certifies that this petition complies with the type limitations of these Rules.

Exclusive of the exempted portions in FRAP 32(a)(7)(B)(i) and (iii), the petition contains more than 3,900 words in its entirety. (3,551 words).

1.      The brief has been prepared in 12-point Times New Roman typeface using Microsoft Word for Windows.

2.      If the Court so requests, the undersigned will provide an electronic version of the brief and/or a copy of the word or line printout.

3.      The undersigned understands a material misrepresentation in completing this certificate of the FRAP 32(a)(7)(B)(C) and Sixth Circuit Rule 32(a), may result in the Court's striking the brief and imposing sanctions against the person signing the brief.

 s/Van R. Irion
Van R. Irion

CERTIFICATE OF SERVICE

It is hereby certified that a copy of the above document has been served upon parties or counsel for the parties in interest.

s/Van R. Irion_____

COUNSEL SERVED:
**Brian Robert Bibb**
Watson, Roach, Batson, Rowell & Lauderback PLC
1500 Riverview Tower
900 South Gay Street
P.O. Box 131
Knoxville, TN 37901-0131
865-637-1700
Fax: 865-525-2514
Email: bbibb@watsonroach.com
*Counsel for Appellees*