**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

GLENN WHITING,
Plaintiff/Appellant
v.                                              Case No.    24-5918/5919

CITY OF ATHENS, et al.,
Defendants/Appellees

**APPELLANT'S LOCAL RULE 45(c) MOTION FOR JUDICIAL REVIEW**

In order to preserve his right to appeal the Clerk denying his substantive motion, and despite legitimate fear of further retaliation by this Court for simply exercising his right to petition the government, the undersigned attorney is required to file the instant motion.

Pursuant to the Federal Rules of Appellate Procedure, and this Court's Local Rule 45(c), the appellant hereby files this Motion for Judicial Review of the Clerk's substantive order (Doc.64-2) denying Appellant's Motion to Strike the Court's last-minute charging "Appendix" which asserts new facts for the first time at the moment of entry of sanctions, and bases said sanctions upon said new factual assertions.

Grounds for this motion are that under the Court's current practice it is impossible to distinguish a judge-authorized order from an unauthorized Clerk-order where said order is signed by the Clerk and fails to assert or identify any authorizing judge or other authority; that the instant order (Doc.64-2) again fails to identify any Article III judge authorizing entry of said order; that said order, therefore, appears to reflect a Clerk of this Court, as opposed to a judge, denying Appellant's substantive motion to strike; that said order fails to cite any authority for a Clerk to enter said substantive order; that the Clerk lacks authority to enter said order without explicitly identifying an Article III judge; that said order violates this Court's local rules, Federal statute, and fundamental due process; and that 6th Circuit Local Rule 45(c) requires "reconsideration by a judge or judges".

1

Therefore, for the reasons set forth herein, the Appellant requests that this Court **GRANT** the instant motion and enter an order **IDENTIFYING** a Constitutionally-authorized judge who actually authorized entry of the substantive order.

**Memorandum**
**Failure to Identify an Authorizing Article III Judge**

The undersigned acknowledges that this Court has asserted that the Clerk of this Court may sign and enter orders on behalf of the Court. However, to undersigned's knowledge, this Court has not addressed the issue presented here: that a substantive order signed and entered by the Clerk must STILL identify at least one Article III judge who takes responsibility for authorizing entry of a given substantive order. Failure to do so leaves the undersigned and the public with the logical conclusion that this Court is allowing Clerks to make substantive rulings without any judicial oversight. It also leaves the parties and reviewing Court with no ability to identify which judge is responsible for such rulings, based upon the <u>Record</u> of the matter. For due process reasons, and in order to preserve trust in the Judicial system, this practice is inappropriate, and should be corrected.

Pursuant to Local Rule the Clerk of this Court is authorized to review and rule upon a **<u>limited</u>** and explicitly identified set of procedural motions. *See* Local Rule 45(a). However, that Rule inherently prohibits said Clerk from ruling upon any motions that are not explicitly listed as "authorized" for Clerk rulings. *See id*. Therefore, the Clerk of this Court is **PROHIBITED** from ruling upon the motion to strike and from entering any substantive order that has not been authorized by a Judge of this Court. *See* 6th Cir. Local Rule 45(c); *see also LaBuy v. Howes,* 352 U.S. 249 (1957); 6th Cir. L. R. 45; *United States v. Johnston*, 258 F.3d 361, 372 (5th Cir.2001); *TPO, Inc. v. McMillen*, 460 F.2d 348, 359-60 (7th Cir. 1972); *see also United States v. Taylor*, 92 F.3d 1313, 1326-7 (2nd Cir. 1996); *Bowman v. Bordenkircher*, 522 F.2d 209 , 210 (4th Cir. 1975).

2

Making this situation worse, and as previously pointed out to this Court without responsive comment, the 6th Circuit Clerk has explicitly REFUSED to identify any authorizing judge for substantive orders. This situation compounds and enhances the fact that the parties and public have zero ability to know which judge, if any, actually authorized entry of the error-filled substantive orders signed by the Clerk. This further supports the legitimate concerns that the substantive orders entered by this Court potentially have zero judicial oversight.

Even if the Clerk of this Court can legally enter substantive orders, an assertion contradicted by this Court's Local Rule 45, Supreme Court precedent, and rulings from at least four other circuits; those orders must still identify an Article III judge who authorized entry of said substantive order. *See LaBuy v. Howes,* 352 U.S. 249 (1957); 6th Cir. L. R. 45; *United States v. Johnston*, 258 F.3d 361, 372 (5th Cir.2001); *TPO, Inc. v. McMillen*, 460 F.2d 348, 359-60 (7th Cir. 1972); *see also United States v. Taylor*, 92 F.3d 1313, 1326-7 (2nd Cir. 1996); *Bowman v. Bordenkircher*, 522 F.2d 209 , 210 (4th Cir. 1975). Otherwise no order drafted by a judge can be distinguished from an order drafted by the Clerk pursuant to Local Rule 45(a).[1]

Where the Supreme Court has clearly stated that delegating judicial duties to Masters and Magistrates is an unconstitutional delegation of authority, (*See id*.) the concerns raised to the Clerk by undersigned cannot be said to be so trivial as to be completely ignored, and swept under

---

[1] This Court's Local Rule 45(a) states: "**Orders That the Clerk May Enter**. The clerk may prepare, sign, and enter orders or otherwise dispose of the following matters without submission to the court or a judge, unless otherwise directed." (listing 8 specific categories of orders). This language contradicts the instant panel's assertion that the Clerk can sign and enter substantive orders on behalf of the Court. Where a rule expressly authorizes an action, that authority implicitly prohibits similar actions outside said authorization. Therefore, this Court's Rule authorizing the Clerk to prepare, sign, and enter" non-substantive orders implicitly prohibits the Clerk from preparing, signing, and entering substantive orders. The Local Rule's condition "without submission to the court or a judge" also implicitly prohibits the Clerk from preparing, signing, and entering substantive orders without submitting same to the "court or a judge". Therefore, substantive orders should identify the judge or judges to whom said orders were "submitted".

the proverbial rug with an assertion that the Clerk is authorized to enter substantive orders, without identifying an authorizing judge, followed by zero citation to any authority.

Additionally, this Court's Local Rule 45(c) explicitly prohibits the Clerk from ruling upon ANY motions for judicial review of Clerk-orders. Yet previous motions for **judicial review** under Local Rule 45(c) have been denied without discussion by yet another Clerk-order, again failing to identify any **judge** who **reviewed** said motion for **judicial reconsideration**. Again, under the Court's current practice, it is impossible to distinguish a Clerk-order from a judge-authorized order if no such judge is identified in said order. Based on past actions of this Court, the undersigned fully expects the same illogical and non-responsive result, again, here, via a Clerk-signed order denying judicial review that identifies zero judges.

**Conclusion**

For the reasons set forth herein, the Appellant requests that this Court **GRANT** the instant motion and enter an order **IDENTIFYING** a Constitutionally-authorized judge who actually authorized entry of the substantive order denying the motion to strike.

This Motion is timely filed pursuant to Local Rule 45(c) on this 17th day of April, 2026.

By:  s/Van Irion
Van Irion
800 S. Gay St., Ste.700
Knoxville, TN 37929
van@irionlaw.com
*Attorney for the Plaintiff/Appellant*

### FILING AND MAILING CERTIFICATE

I hereby certify that on this 17th day of April, 2026, I electronically filed with the Clerk's Office of the United States Court of Appeals for the Sixth Circuit this Motion. Counsel for all parties will be served via this Court's electronic filing notice.

s/Van Irion
*Counsel for Appellant*

COUNSEL SERVED:

4

**Brian Robert Bibb**
Watson, Roach, Batson, Rowell & Lauderback PLC
1500 Riverview Tower
900 South Gay Street
P.O. Box 131
Knoxville, TN 37901-0131
865-637-1700
Fax: 865-525-2514
Email: bbibb@watsonroach.com
*Counsel for Appellees*